**IN THE COURT OF APPEALS OF IOWA**

No. 18-1769
Filed December 19, 2018

**IN THE INTEREST OF V.J.,**
**Minor Child,**

**M.J., Mother,**
     Appellant.

_____

Appeal from the Iowa District Court for Polk County, Colin J. Witt, District Associate Judge.

A mother appeals the termination of her parental rights to her minor child. **AFFIRMED.**

Aaron H. Ginkens of Ginkens Law Firm, PLC, West Des Moines, for appellant mother.

Thomas J. Miller, Attorney General, and Meredith L. Lamberti, Assistant Attorney General, for appellee State.

Paul L. White of the Des Moines Juvenile Public Defender Office, Des Moines, guardian ad litem for minor child.

Considered by Vogel, P.J., and Vaitheswaran and McDonald, JJ.

**VAITHESWARAN, Judge.**

A mother appeals the termination of her parental rights to her child, born in 2017. She contends (1) the State failed to prove the grounds for termination cited by the district court, (2) termination was not in the child's best interests, and (3) her rights should not have been terminated given the closeness of the parent-child bond.

## I. Grounds for Termination

The district court terminated the mother's parental rights pursuant to two statutory grounds. We may affirm if we find clear and convincing evidence to support either ground. *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010). On our de novo review, we find clear and convincing evidence to support termination under Iowa Code section 232.116(1)(h) (2018), which requires proof of several elements, including proof the child cannot be returned to the parent's custody.

The mother has a long history of substance abuse. She was arrested on drug-related charges in 2016 and, as part of her criminal case, was admitted to an intensive substance-abuse treatment program. She gave birth to a child while at the treatment facility. Days later, the department of human services filed a child-in-need-of-assistance petition alleging, in part, that "methamphetamine related reasons" led to the mother's prior involvement in juvenile court with respect to three other children.

The district court adjudicated the child in need of assistance but declined to remove him from the mother's custody. The child remained with the mother at the treatment facility.

When the child was seven months old, the State moved to modify his placement. The State alleged the mother had two positive drug screens and admitted to methamphetamine use which, in the State's view, presented an imminent risk to the child's health and safety. The district court granted the motion.

The mother was discharged from the treatment facility. Within two months, she was arrested for a probation violation and was eventually imprisoned. At the time of the termination hearing, she remained incarcerated.

The mother testified she did not anticipate being released from prison for two to three months. She agreed she was not in a position to have the child placed in her custody immediately or in the near term. She believed she would need six months to work toward reunification. By her own admission, then, section 232.116(1)(h)(4) is satisfied.

## II.     Best Interests

Termination is in the child's best interests. *D.W.*, 791 N.W.2d at 706–07. The mother had an extended opportunity to learn how to safely parent her child at the inpatient treatment facility. She squandered that opportunity. As the district court stated, "[T]ime is up." We agree the child's best interests are served by terminating the mother's parental rights.

## III.     Parent-Child Bond

The mother invokes an exception to termination based on the closeness of the parent-child bond. *Id.* at 709; *see also* Iowa Code § 232.116(3)(c). The mother sundered that bond when the child was six months old. We agree with the district court that the exception should not "carry the day."

We affirm the termination of the mother's parental rights to the child.

**AFFIRMED.**